**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-00244-APG-NJK |
|     Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | [Docket No. 140] |
| JANICE LEE JONES, | |
|     Defendant. | |

This matter was referred to the undersigned Magistrate Judge on Defendant Janice Jones' motion to dismiss superseding indictment. Docket No. 140. The Court has considered Defendant's motion, the United States' response, and Defendant's reply. Docket Nos. 140, 145, 147.

## I.    BACKGROUND

On June 22, 2021, a federal grand jury sitting in Las Vegas, Nevada issued a superseding indictment charging Defendant Janice Jones and co-Defendant Brian Sorensen with one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and three counts of bank fraud, in violation of 18 U.S.C. § 1344(1). Docket No. 116.[1]

Co- Defendant Sorensen engaged in plea negotiations with the United States between the spring of 2020 and the summer of 2021 to attempt to resolve his case. Docket Nos. 140 at 2, 145 at 2-3. Throughout these negotiations, in the spring of 2021, the United States told co-Defendant Sorensen that, if the plea negotiations were unsuccessful, it would seek a superseeding indictment

---

[1] Co-Defendant Sorensen had been previously indicted by a federal grand jury sitting in Las Vegas, Nevada on August 2, 2017, for similar charges. *See* Docket No. 1.

charging him with additional counts and also alleging charges against Defendant. *Id.* Defendant is co-Defendant Sorensen's mother. *Id.* Ultimately, when the plea negotiations proved unsuccessful, the United States obtained the superseding indictment at issue in the instant motion. Docket Nos. 140 at 2, 145 at 3. The superseding indictment charges Defendant with four felony counts and co-Defendant Sorensen with two additional counts of bank fraud. *Id.*

Defendant asks the Court to dismiss the superseding indictment due to outrageous government conduct. Docket No. 140 at 2. Defendant submits that the United States' decision to seek a superseding indictment including charges against her, with the statute of limitations deadline approaching, based on co-Defendant Sorensen's rejection of a plea offer is "both shocking and outrageous and is a clear violation of 'the universal sense of justice" violating due process. *Id.* at 3. Defendant submits that the superseding indictment was not obtained based on an ongoing investigation or newly obtained evidence, but rather solely because co-Defendant Sorensen invoked his right to a jury trial. *Id.* Defendant alternatively asks the Court to dismiss the superseding indictment using its supervisory power as a prophylactic tool to discourage the behavior it alleges the United States relied on in obtaining the superseding indictment. *Id.* at 3-4.

In response, the United States submits that the case law allows "the government to bring additional charges after a defendant rejects a plea offer, including charges against third parties . . . so long as there is probable cause to bring those additional charges. Docket No. 145 at 1-2. The United States submits that, contrary to Defendant's representations, it discovered after the initial indictment had been obtained that Defendant had been involved in the three fraudulent sales underlying the superseding indictment. *Id.* at 2. The United States submits that, despite this knowledge, it engaged in plea negotiations with co-Defendant Sorensen, during which it told him that, if he declined the plea offer, additional charges might be pursued against him and other individuals, including Defendant. *Id.* at 2-3. The United States submits that its conduct in this case falls directly in line with governing case law which allows it to threaten more severe charges, both against a defendant and a third party, during plea negotiations and to make good on those threats should the plea negotiations fail to resolve the case. *Id.* at 3-5. The United States further submits that, since it had probable cause to indict both Defendants at the time the threats to pursue

a superseding indictment were communicated to co-Defendant Sorensen, it acted in good faith and, therefore, asks the Court to deny Defendant's motion to dismiss the superseding indictment. *Id.* at 5-7. Finally, the United States submits that Defendant fails to establish how she has standing to challenge its conduct, which was all directed at a different individual. *Id.* at 7-8.

## II.   ANALYSIS

As a threshold matter to any challenge of a constitutional rights violation, a defendant must establish that she has standing to challenge the alleged conduct. This requirement is "a fundamental restriction" on judicial authority. *Powers v. Ohio*, 499 U.S. 400, 410 (1991). The Court cannot adjudicate an alleged constitutional harm before standing has been established. *See, e.g., Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) ("for a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm.").

Defendants generally must only assert their own legal rights and interests in the ordinary course of litigation. *Powers*, 499 U.S. at 410. Third-party standing is disfavored. *See Singleton v. Wulff*, 428 U.S. 106, 114 (1976). In limited circumstances, an individual can establish standing for the legal rights and interests of a third party. *Powers*, 499 U.S. at 411. To establish standing, a defendant must show that she has suffered an injury in fact that gives her a "sufficiently concrete interest" in the outcome of the issue in dispute, that she is in a close relationship with the third party, and that there is some hindrance on the third party's ability to protect her interest. *Id.* at 410-11. To establish injury in fact, a defendant must show that she suffered "an invasion of a legally protected" interest that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

The United States asks the Court to deny Defendant's motion for lack of standing. Docket No. 145 at 7-8. In support of this request, the United States submits that Defendant only challenges conduct involving a third party and fails to satisfy her showing that the third party's conduct caused her any cognizable harm. *Id.* at 8. Specifically, the United States submits that Defendant attempts to vindicate co-Defendant Sorensen's rights, which he is fully able to do, and that she fails to

identify which constitutional rights of hers have been violated or how the conduct in question violated any of her rights. *Id.* at 7-8. Defendant addresses standing only briefly in her reply with a bald statement that the United States' standing argument is meritless because she "has the right to be free from government harassment and intimidation." Docket No. 147 at 4. Defendant provides no points or authorities to demonstrate that she has standing to make the instant argument. *See id.*

The Court finds that Defendant fails to establish standing. The conduct during plea negotiations which is at the center of the instant motion was all directed at another individual, co-Defendant Sorensen. Defendant was never a party to these conversations, nor was she charged at any point during these conversations. Defendant appears to claim that she has standing because the United States was successful in obtaining the superseding indictment against her. The United States properly obtained the superseding indictment charging Defendant within the statute of limitations period.[2] Dissatisfaction with the United States' lawful exercise of its executive authority does not equal the constitutional individual harm necessary to establish injury in fact. Without a greater showing, Defendant fails to establish any cognizable injury that constitutes more than conjecture. Accordingly, she fails to demonstrate the presence of an injury in fact required to show standing.

Further, Defendant fails to demonstrate any hindrance in co-Defendant Sorensen's ability to protect any interest she might have in the challenged conduct. *See* Docket No. 147 at 3-4. Accordingly, Defendant has failed to satisfy two of the three showings required to demonstrate standing.

The Court therefore finds that Defendant cannot establish that she has standing to bring the instant motion.[3]

---

[2] There is no dispute about the validity of the process in which the United States obtained the superseding indictment or whether it had probable cause to bring these charges against Defendant. Further, a grand jury indictment conclusively demonstrates probable cause. *See United States v. Seng Chen Yong*, 926 F.3d 582, 592 (9th Cir. 2019).

[3] Even if Defendant has standing, her motion is not meritorious. Concurrent with this Report and Recommendation, the Court issues a Report and Recommendation that analyzes co-Defendant Sorensen's similar argument on the merits and recommends denial of his motion.

### III.    <u>RECOMMENDATION</u>

Based on the foregoing and good cause appearing therefore,

**IT IS RECOMMENDED** that Defendant's motion to dismiss the superseding indictment, Docket No. 140, be **DENIED**.

IT IS SO ORDERED.

Dated: February 4, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

<u>NOTICE</u>

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).