# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>JANICE LEE JONES,<br><br>          Defendant. | Case No. 2:17-cr-00244-APG-NJK<br><br>**REPORT AND RECOMMENDATION**<br><br>[Docket No. 160] |

This matter was referred to the undersigned Magistrate Judge on Defendant Janice Jones' motion to dismiss superseding indictment. Docket No. 160. The Court has considered Defendant's motion, the United States' response, and Defendant's reply. Docket Nos. 160, 161, 162.

I.       **BACKGROUND**

On June 22, 2021, a federal grand jury sitting in Las Vegas, Nevada issued a superseding indictment charging Defendant Janice Jones and co-Defendant Brian Sorensen with one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and three counts of bank fraud, in violation of 18 U.S.C. § 1344(1). Docket No. 116. Co-Defendant Sorenson was previously indicted, on August 2, 2017, by a federal grand jury sitting in Las Vegas, Nevada for charges related to an allegedly fraudulent real estate transaction. *See* Docket No. 1. When plea negotiations were unsuccessful with co-Defendant Sorenson, the United States sought and obtained the superseding indictment at issue in the instant motion. Docket Nos. 160 at 2; 161 at 2-3. The superseding indictment contains charges based on the transaction charged in the original indictment, as well as two additional transactions that the United States learned about in its subsequent investigation. *Id.*; Docket No. 116.

Defendant challenges the superseding indictment on three grounds. Docket No. 160. First, Defendant asks the Court to dismiss the superseding indictment pursuant to Federal Rule of Criminal Procedure 48(b). *Id.* at 2-3. Second, Defendant asks the Court to dismiss the superseding

indictment because, she submits, the preindictment delay violated her Speedy Trial rights. *Id.* at 2-6. Finally, Defendant asks the Court to dismiss the superseding indictment on the ground that the preindictment delay violated her due process rights. *Id.* at 6.

In support of her arguments, Defendant submits that the four-year delay in seeking the indictment against her was presumptively prejudicial and that the reason for the delay was solely to coerce her son into entering a guilty plea to the original indictment against him. *Id.* at 3-5. Moreover, Defendant submits that she has been prejudiced because of this delay, as her memory has sharply declined over the last four years and her prior attorney died shortly before the indictment against her was obtained, which limited her current counsel's ability to properly prepare for trial and to allege a Speedy Trial violation. *Id.* at 5-6. Finally, Defendant submits that the United States intentionally delayed charging her, resulting in a Due Process violation. *Id.* at 6. Defendant asks the Court to dismiss the superseding indictment against her. *Id.*

In response, the United States submits that dismissal is not warranted on any of the grounds raised by Defendant. Docket No. 161 at 1-2. The United States submits that relief under Federal Rule of Criminal Procedure 48(b) is not available to Defendant as she was not arrested prior to being indicted. *Id.* at 3. The United States further submits that Defendant's Speedy Trial rights only attached when she was formally indicted on June 22, 2021 and, balancing the considerations under the factors outlined in *Barker v. Wingo*, she is not entitled to relief for any delay since that date. *Id.* at 4-5. Finally, the United States submits that dismissal is not warranted on the basis of Due Process because Defendant fails to show actual prejudice as a result of the delay, which is required for any relief to be granted. *Id.* at 5-7. The United States asks the Court to deny Defendant's motion. *Id.* at 7.

In reply, Defendant submits that her Speedy Trial rights attached when she was indicted and the balance under the applicable case law weighs in favor of dismissal, as both her Speedy Trial rights and her Due Process rights were violated. Docket No. 162 at 4-6.[1] Defendant submits

---

[1] In reply, Defendant attempts to argue that the post-arrest case law applying to Federal Rule of Criminal Procedure 48(b) should not apply to her case as her co-Defendant was arrested before her. Docket No. 162 at 2-3. She argues that the arrest triggering the availability of relief should be that of her co-Defendant. *Id.* The Court does not consider arguments raised for the first time in reply. *See, e.g.*, *United States v. Bonelli*, 653 Fed.Appx. 593, 596 n.1 (9th Cir. 2016) (citing

1    that the United States has offered no reason for the delay in obtaining the superseding indictment

2    against her and that the delay caused prejudice to her ability to defend herself, demonstrated by

3    the death of her long-time attorney prior to her indictment and her being brought to trial after her

4    memory has declined. *Id.* She asks the Court to dismiss the superseding indictment against her.

5    *Id.* at 7.

6    **II.    ANALYSIS**

7       A.   <u>Federal Rule of Criminal Procedure 48(b)</u>

8       Rule 48(b) of the Federal Rules of Criminal Procedure states that the Court may dismiss

9    an indictment if unnecessary delay occurs in presenting a charge to a grand jury, filing an

10   information against a defendant, or bringing a defendant to trial. The rule protects against both

11   unreasonable pre-indictment and post-indictment delay. *United States v. Hayden*, 860 F.2d 1438,

12   1485 (9th Cir. 1988). Dismissal with prejudice under Rule 48(b) should only be imposed in

13   extreme circumstances and must be exercised with caution, after the United States has been

14   forewarned that dismissal with prejudice is possible. *United States v. Simmons*, 536 F.2d 827,

15   834; *United States v. Hutchison*, 22 F.3d 846, 850 (9th Cir. 1985). Generally, dismissal is only

16   appropriate when there is "delay that is purposeful and oppressive." *United States v. Sears,*

17   *Roebuck and Co., Inc.*, 877 F.2d 734, 739 (9th Cir. 1989). The protection afforded by Rule 48(b)

18   is limited to post-arrest situations and does not apply to delay that occurs before the defendant is

19   arrested or charged with a crime. *Hayden,* 860 F.2d at 1485 (citing *United States v. Marion*, 404

20   U.S. 307, 319 (1971) ("The rule is clearly limited to post-arrest situations")). *See also United*

21   *States v. Benitez*, 34 F.3d 1489, 1495 (9th Cir. 1994).

22       The Court finds that Defendant's request for dismissal pursuant to Federal Rule of Criminal

23   Procedure 48(b) fails. Defendant was indicted on June 22, 2021, and was never arrested. Docket

24

25   *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 672 F.3d 1160, 1166 n.8 (9th Cir.
     2012)). Moreover, the Court is not convinced that Defendant's argument has merit, as she points

26   to no authority supporting her assertion. In any event, the Court's own research indicates that
     Defendant's argument is not meritorious. *Cf. Henderson v. United States*, 476 U.S. 321, 323 n.2

27   (1986) (in cases with co-defendants, speedy trial calculations run from the indictment or
     arraignment of the last defendant); *United States v. Daychild*, 357 F.3d 1082, 1090 (9th Cir. 2004)

28   (same).

No. 116.  Instead, Defendant was served with a summons on June 28, 2021, and appeared for her initial appearance on July 6, 2021, where she was released pending trial on a personal recognizance bond.  Docket Nos. 121, 124, 127, 130.  Given that Defendant was not arrested prior to being indicted in this case, Rule 48(b) is not an appropriate avenue under which to seek dismissal of the superseding indictment against her.  *Marion*, 404 U.S. at 319.

###### B.  Speedy Trial

The Sixth Amendment guarantees all criminal defendants ". . . the right to a speedy and public trial . . ." U.S. Const. amend. VI.  The Speedy Trial right applies only to the period after a defendant is indicted, arrested, or otherwise officially accused.  *United States v. Marion*, 404 U.S. 307, 313 (1971).

Congress enacted the Speedy Trial Act to make effective this constitutional guarantee.  *See Furlow v. United States*, 644 F.2d 764, 768-69 (9th Cir. 1981) (discussing the Speedy Trial Act as the "implementation" of the Sixth Amendment's Speedy Trial right).  The Speedy Trial Act requires a criminal trial to begin within seventy days from the date on which the indictment was issued, or the date on which the defendant makes her initial appearance, whichever occurs later.  18 U.S.C. § 3161(c)(1).  Included in the Speedy Trial Act is a "long and detailed list of periods of delay that are excluded in computing the time within which trial must start."  *United States v. Olsen*, 21 F.4th 1036, 1040 (9th Cir. 2022) (citing *Zedner v. United States*, 547 U.S. 489, 497 (2006) and 18 U.S.C. § 3161(h)).  This list includes periods of delay that Defendant agrees to.  18 U.S.C. § 3161(h).  Here, Defendant only alleges a violation of her constitutional right to a speedy trial and not a violation of her statutory rights under the Speedy Trial Act.

In analyzing whether a defendant's constitutional right to a speedy trial has been violated, courts conduct a balancing test that weighs both the conduct of the prosecution and the conduct of the defendant.  *Barker v. Wingo*, 407 U.S. 514, 530 (1972).  Courts must consider four factors alongside the circumstances of the particular case: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of her right to a speedy trial; and (4) prejudice to the defendant.  *Id.* at 530-532.  Prejudice to the defendant is assessed in light of three interests: preventing oppressive pretrial incarceration of the defendant, minimizing anxiety and concern of the

defendant, and limiting the possibility that the defense will be impaired. *Id.* at 532. The Court's consideration of the four factors is relative, and no factor is a necessary or sufficient condition for determining that the right to a speedy trial has been deprived. *Id.* at 533.

The threshold inquiry looks at the length of delay, which must be long enough to be presumptively prejudicial. *Id.* at 530. While there is no specific threshold, courts typically have found that delays approaching one year are presumptively prejudicial. *United States v. Lonich*, 23 F.4th 881, 893 (9th Cir. 2022) (citing *United States v. Gregory*, 322 F.3d 1157, 1161-62 (9th Cir. 2003)).

The only relevant time period for a speedy trial claim is the period in which the defendant is formally charged, usually seen as the period when a formal indictment is outstanding against a defendant. *United States v. Loud Hawk*, 474 U.S. 302, 304 (1986). Here, the only time period for which Defendant can allege a speedy trial claim is from the date of her indictment on June 22, 2021, until the present. *See* Docket No. 116. The Court is not convinced that this period of time, which amounts to about a year since the date of her indictment to when Defendant filed her motion, is sufficient to meet the presumptive prejudice threshold. Nonetheless, the Court will engage in further inquiry. *See, e.g.*, *Lonich*, 23 F.4th at 893.

Alongside the length of delay, the Court must consider the reason for delay. Defendant was indicted on June 22, 2021, and appeared in court on a summons for her initial appearance on July 6, 2021. Docket Nos. 116, 121, 127. Since her initial appearance, trial has been continued four times. *See* Docket Nos. 133, 142, 152, 154. Defendant stipulated to three of these continuances, requesting more time to adequately prepare her defense and to review discovery before trial. Docket Nos. 132, 136, 140, 153. These three stipulations together amounted to an agreed upon 357-day delay of trial which is excludable time. *See id.* The other continuance was a short, seven-day delay ordered by the Court as the trial date had been set before trial stacks were established. Docket No. 152. In short, the reason for most of the delay in trial up until this point are Defendant's own stipulations to delay trial, primarily for the purpose of facilitating discovery review. This weighs against a finding that her speedy trial right was violated. *See, e.g.*, *United*

*States v. Ruiz*, 665 Fed.Appx. 607, 609 (9th Cir. 2016); *United States v. Shetty*, 130 F.3d 1324, 1331 (9th Cir. 1997).

The third factor weighs neutrally in the speedy trial calculus. Defendant has, prior to the filing of the instant motion, never objected to delays or continuances on the basis of her speedy trial rights. In fact, she stipulated to three continuances. *See* Docket Nos. 132, 136, 140, 153. "When a defendant asserts a speedy trial right only after having requested continuances of a trial date, it should weigh neither in favor of the defendant nor in favor of the government." *United States v. Reyes*, 717 Fed.Appx. 669, 670 (9th Cir. 2017) (citing *United States v. Mendoza*, 530 F.3d 758, 764 (9th Cir. 2008)). Accordingly, this factor is neutral in the Court's balancing.

The final factor weighs against a finding that Defendant's speedy trial rights have been violated. Defendant submits that she has been prejudiced by delay at this juncture in two ways. First, Defendant submits that she has been prejudiced because four years prior to her indictment, she received a target letter from the government and hired private counsel to help her prepare to defend any potential criminal case against her. Docket No. 160 at 5-6. That counsel died prior to the superseding indictment being issued, which Defendant argues, prejudices her ability to be adequately prepared to defend the case against her. *Id.* Second, Defendant submits that she is prejudiced because her memory has declined over the four years since she learned about the investigation. *Id. See also* Docket No. 160-1.

Defendant must make a specific showing of prejudice, and a finding that the length of delay is presumptively prejudicial is not enough to find prejudice at this factor. *United States v. Corona-Verbera*, 509 F.3d 1105, 1116 (9th Cir. 2007). Specific prejudice is typically demonstrated by showing at least one of three kinds of harm: "oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the accused's defense will be impaired by dimming memories and loss of exculpatory evidence." *Doggett v. United States*, 505 U.S. 647, 654 (1992) (internal citations omitted).

Defendant's arguments that her speedy trial rights were violated due to the death of her former attorney in the pre-indictment investigation phase of this case are wholly without merit. The Speedy Trial clause of the Sixth Amendment "does not . . . limit the length of a pre-indictment

criminal investigation even though the suspect's knowledge of an ongoing criminal investigation will cause stress, discomfort, and perhaps a certain disruption in normal life." *Loud Hawk*, 474 U.S. at 312 (quoting *United States v. Macdonald*, 456 U.S. 1, 9 (1982)).   Moreover, while Defendant chose to retain counsel in this preindictment period, that Speedy Trial clause is concerned with "impairment of liberty," and not shielding a defendant from "every expense or inconvenience associated with criminal defense." *Id.*  Since Defendant's former counsel died prior to her indictment, any resulting prejudice that the Court might find would be outside of the period considered for a speedy trial violation.   *Loud Hawk*, 474 U.S. at 304.  Moreover, Defendant has not demonstrated any authority suggesting that counsel of choice is a form of actual prejudice to be considered in the Court's speedy trial analysis.

Defendant's argument as to the degeneration of her memory is similarly unpersuasive. Defendant vaguely alleges memory decline in a one sentence affidavit.  Docket No. 160-1.  She does not demonstrate how this alleged decline has impeded her ability to defend the instant case or provided other documentation supporting her assertion that she has memory loss.  *See* Docket No. 160 at 5-6.  Typically, generalized assertions of memory loss are insufficient to establish actual prejudice.  *See Corona-Verbera*, 509 F.3d at 1112; *United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995).  Without more than a singular allegation that Defendant occasionally has trouble remembering things, the Court cannot confidently conclude that she has experienced actual prejudice as a result of the postindictment delay.  Balancing the information Defendant provides to the Court with the length of delay, the Court finds that Defendant has not experienced actual prejudice from the one-year delay since her indictment.

Considering the particular circumstances of this case and balancing the Court's findings as to the four *Barker* factors, the Court finds that Defendant's Speedy Trial rights have not been violated.  Accordingly, dismissal of the indictment is not warranted on this ground.

C.  Due Process

The Due Process Clause of the Fifth Amendment of the United States Constitution protects defendants from improper pre-indictment delay.  *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007) (quoting *United States v. Sherlock*, 962 F.2d 1349, 1353 (9th Cir. 1989)).

1    "Generally, any delay between the commission of a crime and an indictment is limited by the
2    statute of limitations." *Id.*  A statute of limitations provides a predictable, legislatively enacted
3    limit on prosecutorial delay.  *United States v. Lovasco*, 431 U.S. 783, 789 (1977).  In some
4    circumstances, however, the Due Process Clause requires a dismissal of an indictment brought
5    within the limitations period.  *Corona-Verbera*, 509 F.3d at 1112.  Dismissal is required where the
6    United States' delay caused actual and substantial prejudice and the delay was an intentional device
7    to gain a tactical advantage over the accused.  *Id.*

8            When assessing claims that due process has been denied because of pre-indictment delay,
9    courts assess whether two prongs have been satisfied.  *Id.*  First, the Court must find that Defendant
10   has proved "actual, non-speculative prejudice from the delay." *Id.* (citing *United States v. Huntley*,
11   976 F.2d 1287, 1290 (9th Cir. 1992)).  This is "a heavy burden that is rarely met." *Id.*  If actual,
12   non-speculative prejudice is shown, the Court then weighs the length of the delay against the
13   reasons for the delay.  *Id.*  The Court must find that Defendant has demonstrated that the delay
14   "offends the fundamental conceptions of justice which lie at the base of our civil and political
15   institutions." *Sherlock*, 962 F.2d at 1353-54 (citations omitted).

16           "Generalized assertions of the loss of memory, witnesses, or evidence are insufficient to
17   establish actual prejudice." *Corona-Verbera*, 509 F.3d at 1112 (quoting *United States v. Manning*,
18   56 F.3d 1188, 1194 (9th Cir. 1995)).  A defendant must show that the lost testimony, witnesses, or
19   evidence "meaningfully has impaired his ability to defend himself" and, further, the "proof must
20   demonstrate by definite and non-speculative evidence how the loss of a witness or evidence is
21   prejudicial to [her] case." *Huntley*, 976 F.2d at 1290.  This showing usually requires affidavits or
22   other non-speculative proof.  *Corona-Verbera*, 509 F.3d at 1113.

23           The Court finds that Defendant's due process rights were not violated by preindictment
24   delay, as Defendant fails to establish actual, nonspeculative prejudice.  Defendant was indicted
25   within the period of the statute of limitations and does not challenge the legal validity of the
26   indictment itself.  Defendant's main submissions as to prejudice in her case resolve around her
27
28

memory loss and the death of her chosen counsel prior to her indictment.  Docket No. 160 at 5-6.[2] As to her arguments about her attorney, Defendant submits no authority supporting the assertion that counsel choice is something that courts consider when assessing actual prejudice in the preindictment delay context.  *See id.*

Moreover, Defendant only submits generally that her memory has declined.  Docket Nos. 160 at 5-6; 160-1.  She has provided no information or argument about how this alleged declination has meaningfully impaired her ability to defend herself.  *See id.*  Such general assertions on their own are insufficient to establish actual prejudice.  *See Corona-Verbera*, 509 F.3d at 1112.  Without any further showing, Defendant fails to demonstrate actual non-speculative prejudice.[3] Accordingly, she is not entitled to a finding that the preindictment delay here violated her due process rights.

## III.    RECOMMENDATION

Based on the foregoing and good cause appearing therefore, **IT IS RECOMMENDED** that Defendant's motion to dismiss the superseding indictment, Docket No. 160, be **DENIED**.

IT IS SO ORDERED.

Dated: June 28, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen

---

[2] Defendant proffers a third argument as to how she was prejudiced, namely that the United States delayed indicting her in this case to pressure her son into accepting a plea offer.  Docket No. 160.  The Court has already found that Defendant has no standing to challenge this specific governmental conduct.  Docket Nos. 150, 156.  Defendant presents no new or meaningful arguments as to why the Court should reconsider this decision at this juncture.

[3] Because Defendant has failed to establish prejudice, the Court need not weigh the length of delay against the reasons for delay.  *See Corona-Verbera*, 509 F.3d at 1112.

days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).